JOHN O. YOUNG, a Stockholder of Farmers and Traders Life Insurance Company, Respondent, v. FARMERS AND TRADERS LIFE INSURANCE COMPANY et al., Appellants, et al., Defendants. In the Matter of JOHN O. YOUNG, Respondent, against FARMERS AND TRADERS LIFE INSURANCE COMPANY, Appellant.— Order directing inspection and examination of books and records reversed on the law and facts, with $10 costs and disbursements and motion denied, with $10 costs; injunction order modified in accordance with the memorandum and as modified affirmed, without costs. Memorandum: Although we agree that the *status quo* should be maintained, we regard the temporary injunction as unnecessarily restrictive, and the undertaking as inadequate. The order should be modified to read as follows: " Ordered that, upon plaintiff furnishing undertaking to defendants as provided by section 893 of the Civil Practice Act in the sum of $25,000, defendants be and they hereby are restrained from further calling or holding meetings of the stockholders or policy holders of the Farmers and Traders Life Insurance Company to approve the plan of mutualization of said company now under consideration, and from exercising voting rights under the present voting trust with respect to the plan of mutualization of the Farmers and Traders Life Insurance Company now under consideration until the further order of this Court." On the stipulation before us we have considered the amended complaint as if it were the complaint on which the injunction order was granted. We are also of the opinion that there is no present necessity for an inspection of the books and other records of the company. Plaintiff now has the names and addresses of the stockholders. As we read the petition it does not appear that the examination sought is necessary or material in order to prove the allegations of fraud. We think that before such an

examination as requested is granted, the court should first try the question of fraud alleged in plaintiff's action. If he is then successful, he may be entitled to an examination to the extent necessary to prove his damages. While we do not overlook the fact that the order was made in a separate proceeding and not in the action, we think the information sought is solely for the purpose of proving the allegations of the complaint as to damages in the action. All concur. (Appeals from two orders: (1) staying defendants from taking further action with reference to the plan of mutualization of the Farmers and Traders Life Insurance Company, and (2) directing an inspection and examination of books and records of the insurance company.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 283 App. Div. 687.]